# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| GENEVIEVE L. CASTILLO, and RICHARD CASTILLO, | CIVIL COMPLAINT |
| Plaintiffs, | |
| v. | CASE NO. 2:18-cv-00169 |
| PROFESSIONAL PLACEMENT SERVICES, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes GENEVIEVE L. CASTILLO ("Genevieve") and RICHARD CASTILLO ("Richard") (collectively "Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PROFESSIONAL PLACEMENT SERVICES, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Wisconsin Consumer Act ("WCA") under Wis. Stat. §427 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331

1

and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Wisconsin and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

4. Joinder of Plaintiffs' claims is proper pursuant to Fed. R. Civ. Pro. 20(a)(1), as their claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law and fact will arise.

**PARTIES**

5. Genevieve and Richard are 32 and 55 year old natural persons, respectively, who reside at 1113 West Orchard Street, Milwaukee, Wisconsin, which lies within the Eastern District of Wisconsin.

6. Plaintiffs are "person[s]" as defined by 47 U.S.C. §153(39).

7. Plaintiffs are a "consumer[s]" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

8. Plaintiffs are "customer[s]" as defined by §421.301(17) of the WCA.

9. Defendant "is a nationally licensed, full-service collection agency located in Milwaukee, Wisconsin."[1] Defendant is a corporation organized under the laws of the state of Wisconsin with its principal place of business located at 272 North 12th Street, Milwaukee, Wisconsin.

10. Defendant is a "person" as defined by 47 U.S.C. §153(39).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

---
[1] http://paypps.com/about/

## FACTS SUPPORTING CAUSES OF ACTION

12. The instant action arises out of Defendant's attempts to collect upon a debt ("subject debt") said to be owed by Richard.

13. In early 2017, Genevieve began receiving phone calls to her cellular phone, (414) XXX-0119, from Defendant.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 0119. Plaintiff is and always has been financially responsible for the cellular phone and its services.

15. Defendant mainly uses the phone numbers (855) 291-0670 and (855) 777-0317 when placing calls to Genevieve's cellular phone, but upon belief, it has used other numbers as well.

16. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

17. Upon answering calls from Defendant, Genevieve experiences a noticeable pause, lasting a few seconds in length, before being connected to a live representative.

18. When Genevieve speaks with a live representative, she is told that Defendant is calling for Richard seeking to collect upon the subject debt.

19. Genevieve informed Defendant that she was not Richard, that it had the wrong number, and further demanded that Defendant cease calling her cellular phone.

20. Despite Genevieve's demands, Defendant continued to call her cellular phone up until the filing of the instant action.

21. Richard was confused as to why Defendant was calling Genevieve and how Defendant got her contact information. Richard has never given out Genevieve's name or contact information to any entity, let alone in connection with a transaction resulting in the creation of the subject debt.

22. Genevieve has received no less than 15 calls from Defendant since demanding that it stop calling and informing it that it was calling the wrong party.

23. Frustrated over Defendant's conduct, Plaintiffs spoke with Sulaiman regarding their rights, resulting in expenses.

24. With the goal of specifically addressing Defendant's conduct, Genevieve has expended approximately $60.00 to purchase and maintain an application subscription on her cellular phone to help quell Defendant's contacts. However, Defendant's contacts have persisted.

25. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of Genevieve's telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on Genevieve's cellular phone, and diminished space for data storage on Genevieve's cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(GENEVIEVE AND RICHARD AGAINST DEFENDANT)

27. Plaintiffs repeat and reallege paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiffs are a "consumer[s]" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed

or due to others. Defendant has been a member of the Association of Credit and Collection Professionals since 2000.[2]

31. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

    **a. Violations of FDCPA §1692b & c(b)**

32. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Additionally, under §1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

33. Defendant violated §1692b, b(3), and c(b) by contacting Genevieve on a number of occasions seeking to collect upon a debt said to be owed by her father Richard. Genevieve explicitly notified Defendant that she was not the individual it was looking for and demanded that it stop calling her. Defendant had more than enough information to know that the number it was calling did not belong to Richard, especially since Plaintiff is a female and had advised Defendant that she is not the party it was attempting to contact. Armed with this information, Defendant still continued to call Plaintiff's cellular phone multiple times without her consent.

---

[2] https://www.acainternational.org/search

5

Case 2:18-cv-00169-PP   Filed 01/31/18   Page 5 of 12   Document 1

34. Furthermore, Defendant violated the FDCPA by contacting Genevieve without Richard's prior consent. Richard never provided Genevieve's contact information to Defendant or the originator of the subject debt and never consented to Defendant contacting Genevieve. Nevertheless, Defendant contacted Genevieve on numerous occasions without the prior consent of Richard in violation of the FDCPA.

### b. Violations of FDCPA §1692c(a)(1) and §1692d

35. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

36. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Genevieve after being notified to stop and that Genevieve was not the underlying debtor. Defendant called Genevieve at least 15 times after she demanded that it stop and after becoming aware that Genevieve was not the party it was seeking. This repeated behavior of systematically calling Genevieve's phone in spite of her demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Genevieve's pleas with the goal of annoying and harassing her.

37. Defendant was notified by Genevieve that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to her.

38. Furthermore, Defendant violated §1692d by repeatedly contacting Richard's family member seeking to collect upon the subject debt. Defendant engaged in its incessant collection campaign direct at Genevieve's cellular phone with the knowledge that she was not the party it

6

was seeking. Nevertheless, Defendant persisted in its efforts. In so doing, Defendant's conduct demonstrates that it was placing such phone calls in an abusive attempt to have Richard's family members apply outward pressure in hopes of compelling Richard to make payment on the subject debt.

### c. Violations of the FDCPA § 1692e

39. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

40. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

41. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was even notified by Genevieve that it was calling the wrong person and to stop calling. Nevertheless, Defendant called Genevieve at least 15 times in a deceptive attempt to force her to answer its calls and ultimately make a payment, even though the debt was not hers. Through its conduct, Defendant misleadingly represented to Genevieve that it had the lawful ability to continue placing calls to her cellular phone via an automated system when, not only did it not have consent to place such calls in the first place, but was also subsequently told to stop calling.

### d. Violations of FDCPA § 1692f

42. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

43. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Genevieve over 15 times after being notified to stop and that Genevieve was not the party it was seeking to speak with. Attempting to coerce Genevieve into payment by placing repeated phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Genevieve.

44. Defendant further violated §1692f by unfairly contacting Richard's family member in an attempt to collect upon the subject debt. It was unfair for Defendant to attempt to leverage Richard into making payment on the subject debt by placing voluminous and repeated phone calls to Genevieve. Such conduct unfairly sought to create additional pressure on Richard in order to compel his making payment.

45. As pled in paragraphs 22 through 26, Plaintiffs have been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiffs, GENEVIEVE L. CASTILLO and RICHARD CASTILLO, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiffs statutory damages of $1,000.00 each as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiffs; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
(GENEVIEVE AGAINST DEFENDANT)

46. Genevieve repeats and realleges paragraphs 1 through 45 as though fully set forth herein.

47. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

48. Defendant used an ATDS in connection with its communications directed towards Genevieve's cellular phone. The noticeable pause, lasting a few seconds in length, that Genevieve experienced during answered calls from Defendant before being connected to a live representative is instructive that an ATDS was being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

49. Defendant violated the TCPA by placing at least 15 phone calls to Genevieve's cellular phone using an ATDS without her consent. Genevieve never had any business relationship with Defendant nor has she ever given it permission to call her cellular phone. Further, Richard never provided Genevieve's contact information to Defendant nor the originator of the subject debt. Any consent Genevieve *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Genevieve's demands that it cease contacting her.

50. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

51. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Genevieve for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, GENEVIEVE L. CASTILLO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Genevieve damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Genevieve costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Genevieve; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE WISCONSIN CONSUMER ACT
(GENEVIEVE AND RICHARD AGAINST DEFENDANTS)

52. Plaintiffs restate and reallege paragraphs 1 through 51 as though fully set forth herein.

53. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. §427.104(1)(h)

54. Defendant violated §427.104(1)(h) by engaging in harassing conduct in contacting Genevieve. It was harassing for Defendant to repeatedly contact Genevieve through means of an ATDS absent her consent, after being notified that she was not the party it was seeking, and after she had demanded that Defendant stop calling. Defendant ignored Genevieve's demands and continued to systematically place calls to her cellular phone without her consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in harassing behavior, willfully done with the hope that Genevieve would be compelled to make payment

10

herself or would outwardly put pressure on Richard to make payment, further demonstrating Defendant's harassment of both Genevieve and Richard.

55. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

56. The WCA further states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. §427.104(1)(j)

57. Defendant violated §427.104(1)(j) by continuing to place calls to Genevieve's cellular phone after she told it to stop calling and that she was not the party it was seeking to collect upon. Through its conduct, Defendant misleadingly represented to Genevieve that it had the legal ability to contact her via an automated system when it never had consent to do so.

58. As plead in paragraphs 22 through 26, Plaintiffs have suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to §427.105.

59. Defendant's conduct was outrageous, willful, and wanton, and showed a reckless disregard for the rights of Plaintiffs. Defendant acted in defiance of Genevieve's prompts and information. Genevieve demanded that Defendant stop contacting her, yet she was still bombarded with collection phone calls from Defendant seeking to collect upon Richard. The phone calls and conduct engaged in by Defendant were an attempt to harass Plaintiffs into submission and to ultimately maximize its profits. After Genevieve told Defendant to stop calling and that it was calling the wrong party, Defendant had more than enough information to know that it should not continue calling her phone. Nevertheless, Defendant continued to place such calls in an attempt to compel Genevieve to make payment or put additional pressure on Richard to make payment. Upon

information and belief, Defendant regularly engages in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

WHEREFORE, Plaintiffs, GENEVIEVE L. CASTILLO and RICHARD CASTILLO, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiffs costs and reasonable attorney fees pursuant to §425.308(1)-(2);

d. Enjoining Defendants from further contacting Plaintiffs; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 31, 2018                                   Respectfully submitted,


s/ Nathan C. Volheim                                      s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                          Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                     Counsel for Plaintiff
Admitted in the Eastern District of Wisconsin             Admitted in the Eastern District of Wisconsin
Sulaiman Law Group, Ltd.                                  Sulaiman Law Group, Ltd.
2500 South Highland Ave, Suite 200                        2500 South Highland Ave, Suite
Lombard, Illinois 60148                                   Lombard, Illinois 60148
(630) 568-3056 (phone)                                    (630) 581-5858 (phone)
(630) 575-8188 (fax)                                      (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                  thatz@sulaimanlaw.com