# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| Genevieve L. Castillo and Richard Castillo, | Civil Action No. 2:18-cv-00169-PP |
| Plaintiffs, | **ANSWER** |
| v. | |
| Professional Placement Services, LLC, | |
| Defendant. | |

Defendant Professional Placement Services, LLC ("PPS") for its Answer to Plaintiffs' Complaint states and alleges as follows:

1. Except as hereinafter admitted, qualified, or otherwise answered, PPS denies each and every allegation contained in Plaintiffs' Complaint.

2. In response to Paragraph 1 of Plaintiffs' Complaint, PPS admits only that Plaintiffs assert claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and the Wisconsin Consumer Act, Wis. Stats. § 427, *et seq.* ("WCA") and denies the remaining allegations contained therein. PPS states that to the extent the allegations constitute legal conclusions, no response is required. To the extent a response is required, PPS denies.

3. In response to Paragraphs 2-4 of Plaintiffs' Complaint, PPS states the allegations set forth therein constitute legal conclusions to which no response is required. To the extent a response is required, PPS denies.

4. In response to Paragraph 5 of Plaintiffs' Complaint, PPS, upon information and belief, generally admits.

5. In response to Paragraphs 6-8 of Plaintiffs' Complaint, PPS states the allegations set forth therein constitute legal conclusions to which no response is required. To the extent a response is required, PPS denies.

6. In response to Paragraph 9 of Plaintiffs' Complaint, PPS states the quoted website content speaks for itself. PPS generally admits the allegations concerning its principal place of business and organization under Wisconsin law.

7. In response to Paragraphs 10-11 of Plaintiffs' Complaint, PPS states the allegations set forth therein constitute legal conclusions to which no response is required. To the extent a response is required, PPS denies.

8. In response to Paragraph 12 of Plaintiffs' Complaint, PPS admits that Richard Castillo incurred a financial obligations arising from medical services provided and which gave rise to an account with PPS.

9. In response to Paragraph 13 of Plaintiffs' Complaint, PPS states the allegation is vague and ambiguous as to timing, and therefore is incapable of response. PPS further states that on or about June 6, 2017, Genevieve Castillo and Richard Castillo together called PPS. During that call, Richard Castillo gave PPS permission to speak with Genevieve Castillo; Genevieve Castillo provided PPS with her cellular phone number as the best number at which she or Richard Castillo could be reached. Accordingly, any calls PPS made to Genevieve Castillo were with her express consent, as well as Richard Castillo's express permission and/or consent.

10. In response to Paragraph 14 of Plaintiffs' Complaint, PPS states the allegation is vague and ambiguous as to which "Plaintiff" is being referenced, and therefore is incapable of response. PPS generally admits that it called the number ending in 0119 with the express consent and/or permission of Richard Castillo and Genevieve Castillo.

11. In response to Paragraphs 15-16 of Plaintiffs' Complaint, PPS generally admits that it uses telephone numbers to call individuals.

12. In response to Paragraph 17 of Plaintiffs' Complaint, PPS denies.

13. In response to Paragraph 18 of Plaintiffs' Complaint, PPS states the allegation is vague and ambiguous as to timing, and therefore is incapable of response. PPS further states that Genevieve Castillo's conversations with PPS resulted from inbound calls Genevieve Castillo and Richard Castillo initiated to PPS.

14. In response to Paragraph 19 of Plaintiffs' Complaint, PPS states that on or about June 6, 2017, Genevieve Castillo and Richard Castillo together called PPS. During that call, Richard Castillo gave PPS permission to speak with Genevieve Castillo; Genevieve Castillo provided PPS with her cellular phone number as the best number at which she or Richard Castillo could be reached. Accordingly, any calls PPS made to Genevieve Castillo were with her express consent, as well as Richard Castillo's express consent and/or permission. On or about December 14, 2017, someone—presumably Genevieve Castillo—made an inbound call to PPS from the telephone number ending in 0119; the individual informed PPS that her number did not belong to Richard Castillo (notwithstanding the fact that Genevieve Castillo and Richard Castillo previously

3

provided PPS prior express consent and/or permission to make calls to that number). PPS removed the number ending in 0119 from Richard Castillo's account and made no further calls to that number.

15. In response to Paragraph 20 of Plaintiffs' Complaint, PPS denies.

16. In response to Paragraph 21 of Plaintiffs' Complaint, PPS denies. PPS further states that Richard Castillo gave PPS consent and/or permission to speak with Genevieve Castillo.

17. In response to Paragraph 22 of Plaintiffs' Complaint, PPS denies.

18. In response to Paragraph 23 of Plaintiffs' Complaint, PPS lacks sufficient information or knowledge to admit or deny the allegations contained therein, and accordingly denies the same. PPS further states that, to the extent Plaintiffs are alleging that their substantive discussions with their counsel resulted in "expenses" that support an alleged element of their purported damages, Plaintiffs have made their attorneys fact witnesses in this case. Moreover, any privilege that may have existed between Plaintiffs and their counsel as to the contents of this averment is now waived.

19. In response to Paragraph 24 of Plaintiffs' Complaint, PPS lacks sufficient information or knowledge to admit or deny the allegations concerning Genevieve Castillo's alleged expenditures. PPS further states that all calls were made to Genevieve Castillo with her and Richard Castillo's express consent and/or permission. PPS denies that it called Genevieve Castillo after she informed PPS that her number did not belong to Richard Castillo (notwithstanding the fact that Genevieve Castillo and Richard Castillo previously provided PPS prior express consent to make calls to that number).

20. In response to Paragraphs 25-26 of Plaintiffs' Complaint, PPS denies.

21. In response to Paragraph 27 of Plaintiffs' Complaint, PPS re-states and re-alleges each of the preceding paragraphs as though stated fully herein and incorporates same by reference.

22. In response to Paragraphs 28-29 of Plaintiffs' Complaint, PPS states the allegations set forth therein constitute legal conclusions to which no response is required. To the extent a response is required, PPS denies.

23. In response to Paragraph 30 of Plaintiffs' Complaint, PPS states the referenced website content speaks for itself. PPS further states the allegations set forth therein constitute legal conclusions to which no response is required. To the extent a response is required, PPS denies.

24. In response to Paragraph 31 of Plaintiffs' Complaint, PPS states the allegations set forth therein constitute legal conclusions to which no response is required. To the extent a response is required, PPS denies.

25. In response to Paragraph 32 of Plaintiffs' Complaint, PPS states the referenced statute speaks for itself.

26. In response to Paragraph 33 of Plaintiffs' Complaint, PPS denies. PPS further states that on or about June 6, 2017, Genevieve Castillo and Richard Castillo together called PPS. During that call, Richard Castillo gave PPS permission to speak with Genevieve Castillo; Genevieve Castillo provided PPS with her cellular phone number as the best number at which she or Richard Castillo could be reached. Accordingly, any calls PPS made to Genevieve Castillo were with her express consent, as

well as Richard Castillo's express consent and/or permission. On or about December 14, 2017, someone—presumably Genevieve Castillo—made an inbound call to PPS from the telephone number ending in 0119; the individual informed PPS that her number did not belong to Richard Castillo (notwithstanding the fact that Genevieve Castillo and Richard Castillo previously provided PPS prior express consent to make calls to that number). PPS removed the number ending in 0119 from Richard Castillo's account and made no further calls to that number.

27. In response to Paragraph 34 of Plaintiffs' Complaint, PPS denies. PPS further states that on or about June 6, 2017, Genevieve Castillo and Richard Castillo together called PPS. During that call, Richard Castillo gave PPS permission to speak with Genevieve Castillo; Genevieve Castillo provided PPS with her cellular phone number as the best number at which she or Richard Castillo could be reached. Accordingly, any calls PPS made to Genevieve Castillo were with her express consent, as well as Richard Castillo's express consent and/or permission. On or about December 14, 2017, someone—presumably Genevieve Castillo—made an inbound call to PPS from the telephone number ending in 0119; the individual informed PPS that her number did not belong to Richard Castillo (notwithstanding the fact that Genevieve Castillo and Richard Castillo previously provided PPS prior express consent to make calls to that number). PPS removed the number ending in 0119 from Richard Castillo's account and made no further calls to that number.

28. In response to Paragraph 35 of Plaintiffs' Complaint, PPS states the referenced statute speaks for itself.

29. In response to Paragraph 36 of Plaintiffs' Complaint, PPS denies. PPS further states that on or about June 6, 2017, Genevieve Castillo and Richard Castillo together called PPS. During that call, Richard Castillo gave PPS permission to speak with Genevieve Castillo; Genevieve Castillo provided PPS with her cellular phone number as the best number at which she or Richard Castillo could be reached. Accordingly, any calls PPS made to Genevieve Castillo were with her express consent, as well as Richard Castillo's express consent and/or permission. On or about December 14, 2017, someone—presumably Genevieve Castillo—made an inbound call to PPS from the telephone number ending in 0119; the individual informed PPS that her number did not belong to Richard Castillo (notwithstanding the fact that Genevieve Castillo and Richard Castillo previously provided PPS prior express consent to make calls to that number). PPS removed the number ending in 0119 from Richard Castillo's account and made no further calls to that number.

30. In response to Paragraph 37 of Plaintiffs' Complaint, PPS denies. PPS further states that on or about June 6, 2017, Genevieve Castillo and Richard Castillo together called PPS. During that call, Richard Castillo gave PPS permission to speak with Genevieve Castillo; Genevieve Castillo provided PPS with her cellular phone number as the best number at which she or Richard Castillo could be reached. Accordingly, any calls PPS made to Genevieve Castillo were with her express consent, as well as Richard Castillo's express consent and/or permission. On or about December 14, 2017, someone—presumably Genevieve Castillo—made an inbound call to PPS from the telephone number ending in 0119; the individual informed PPS that her number did not

belong to Richard Castillo (notwithstanding the fact that Genevieve Castillo and Richard Castillo previously provided PPS prior express consent to make calls to that number). PPS removed the number ending in 0119 from Richard Castillo's account and made no further calls to that number.

31. In response to Paragraph 38 of Plaintiffs' Complaint, PPS denies. PPS further states that on or about June 6, 2017, Genevieve Castillo and Richard Castillo together called PPS. During that call, Richard Castillo gave PPS permission to speak with Genevieve Castillo; Genevieve Castillo provided PPS with her cellular phone number as the best number at which she or Richard Castillo could be reached. Accordingly, any calls PPS made to Genevieve Castillo were with her express consent, as well as Richard Castillo's express consent and/or permission. On or about December 14, 2017, someone—presumably Genevieve Castillo—made an inbound call to PPS from the telephone number ending in 0119; the individual informed PPS that her number did not belong to Richard Castillo (notwithstanding the fact that Genevieve Castillo and Richard Castillo previously provided PPS prior express consent to make calls to that number). PPS removed the number ending in 0119 from Richard Castillo's account and made no further calls to that number.

32. In response to Paragraphs 39-40 of Plaintiffs' Complaint, PPS states the referenced statute speaks for itself.

33. In response to Paragraph 41 of Plaintiffs' Complaint, PPS denies. PPS further states that on or about June 6, 2017, Genevieve Castillo and Richard Castillo together called PPS. During that call, Richard Castillo gave PPS permission to speak

8

with Genevieve Castillo; Genevieve Castillo provided PPS with her cellular phone number as the best number at which she or Richard Castillo could be reached. Accordingly, any calls PPS made to Genevieve Castillo were with her express consent, as well as Richard Castillo's express consent and/or permission. On or about December 14, 2017, someone—presumably Genevieve Castillo—made an inbound call to PPS from the telephone number ending in 0119; the individual informed PPS that her number did not belong to Richard Castillo (notwithstanding the fact that Genevieve Castillo and Richard Castillo previously provided PPS prior express consent to make calls to that number). PPS removed the number ending in 0119 from Richard Castillo's account and made no further calls to that number.

34. In response to Paragraph 42 of Plaintiffs' Complaint, PPS states the referenced statute speaks for itself.

35. In response to Paragraph 43 of Plaintiffs' Complaint. PPS denies. PPS further states that on or about June 6, 2017, Genevieve Castillo and Richard Castillo together called PPS. During that call, Richard Castillo gave PPS permission to speak with Genevieve Castillo; Genevieve Castillo provided PPS with her cellular phone number as the best number at which she or Richard Castillo could be reached. Accordingly, any calls PPS made to Genevieve Castillo were with her express consent, as well as Richard Castillo's express consent and/or permission. On or about December 14, 2017, someone—presumably Genevieve Castillo—made an inbound call to PPS from the telephone number ending in 0119; the individual informed PPS that her number did not belong to Richard Castillo (notwithstanding the fact that Genevieve Castillo and Richard

Castillo previously provided PPS prior express consent to make calls to that number. PPS removed the number ending in 0119 from Richard Castillo's account and made no further calls to that number).

36. In response to Paragraph 44 of Plaintiffs' Complaint, PPS denies. PPS further states that on or about June 6, 2017, Genevieve Castillo and Richard Castillo together called PPS. During that call, Richard Castillo gave PPS permission to speak with Genevieve Castillo; Genevieve Castillo provided PPS with her cellular phone number as the best number at which she or Richard Castillo could be reached. Accordingly, any calls PPS made to Genevieve Castillo were with her express consent, as well as Richard Castillo's express consent and/or permission. On or about December 14, 2017, someone—presumably Genevieve Castillo—made an inbound call to PPS from the telephone number ending in 0119; the individual informed PPS that her number did not belong to Richard Castillo (notwithstanding the fact that Genevieve Castillo and Richard Castillo previously provided PPS prior express consent to make calls to that number). PPS removed the number ending in 0119 from Richard Castillo's account and made no further calls to that number.

37. In response to Paragraph 45 of Plaintiffs' Complaint, PPS denies.

38. In response to Plaintiffs' "WHEREFORE" clause regarding Count I, PPS denies Plaintiffs are entitled to any of the relief sought therein, including each of its subparts.

39. In response to Paragraph 46 of Plaintiffs' Complaint, PPS re-states and re-alleges each of the preceding paragraphs as though stated fully herein and incorporates same by reference.

40. In response to Paragraph 47 of Plaintiffs' Complaint, PPS states the referenced statute speaks for itself.

41. In response to Paragraph 48 of Plaintiffs' Complaint, PPS denies. PPS further states that it did not use an ATDS to call Plaintiffs.

42. In response to Paragraph 49 of Plaintiffs' Complaint, PPS denies. PPS further states that it did not use an ATDS to call Plaintiffs. PPS further states that on or about June 6, 2017, Genevieve Castillo and Richard Castillo together called PPS. During that call, Richard Castillo gave PPS permission to speak with Genevieve Castillo; Genevieve Castillo provided PPS with her cellular phone number as the best number at which she or Richard Castillo could be reached. Accordingly, any calls PPS made to Genevieve Castillo were with her express consent, as well as Richard Castillo's express consent and/or permission. On or about December 14, 2017, someone—presumably Genevieve Castillo—made an inbound call to PPS from the telephone number ending in 0119; the individual informed PPS that her number did not belong to Richard Castillo (notwithstanding the fact that Genevieve Castillo and Richard Castillo previously provided PPS prior express consent to make calls to that number). PPS removed the number ending in 0119 from Richard Castillo's account and made no further calls to that number.

43. In response to Paragraph 50 of Plaintiffs' Complaint, PPS states the allegations set forth therein constitute legal conclusions to which no response is required. To the extent a response is required, PPS denies.

44. In response to Paragraph 51 of Plaintiffs' Complaint, PPS denies.

45. In response to Plaintiffs' "WHEREFORE" clause regarding Count II, PPS denies Plaintiffs are entitled to any of the relief sought therein, including each of its subparts.

46. In response to Paragraph 52 of Plaintiffs' Complaint, PPS re-states and re-alleges each of the preceding paragraphs as though stated fully herein and incorporates same by reference.

47. In response to Paragraph 53 of Plaintiffs' Complaint, PPS states the referenced statute speaks for itself.

48. In response to Paragraph 54 of Plaintiffs' Complaint, PPS denies. PPS further states that it did not use an ATDS to call Plaintiffs. PPS further states that on or about June 6, 2017, Genevieve Castillo and Richard Castillo together called PPS. During that call, Richard Castillo gave PPS permission to speak with Genevieve Castillo; Genevieve Castillo provided PPS with her cellular phone number as the best number at which she or Richard Castillo could be reached. Accordingly, any calls PPS made to Genevieve Castillo were with her express consent, as well as Richard Castillo's express consent and/or permission. On or about December 14, 2017, someone—presumably Genevieve Castillo—made an inbound call to PPS from the telephone number ending in 0119; the individual informed PPS that her number did not belong to Richard Castillo

(notwithstanding the fact that Genevieve Castillo and Richard Castillo previously provided PPS prior express consent to make calls to that number). PPS removed the number ending in 0119 from Richard Castillo's account and made no further calls to that number.

49. In response to Paragraph 55 of Plaintiffs' Complaint, PPS denies.

50. In response to Paragraph 56 of Plaintiffs' Complaint, PPS states the referenced statute speaks for itself.

51. In response to Paragraph 57 of Plaintiffs' Complaint, PPS denies. PPS further states that it did not use an ATDS to call Plaintiffs. PPS further states that on or about June 6, 2017, Genevieve Castillo and Richard Castillo together called PPS. During that call, Richard Castillo gave PPS permission to speak with Genevieve Castillo; Genevieve Castillo provided PPS with her cellular phone number as the best number at which she or Richard Castillo could be reached. Accordingly, any calls PPS made to Genevieve Castillo were with her express consent, as well as Richard Castillo's express consent and/or permission. On or about December 14, 2017, someone—presumably Genevieve Castillo—made an inbound call to PPS from the telephone number ending in 0119; the individual informed PPS that her number did not belong to Richard Castillo (notwithstanding the fact that Genevieve Castillo and Richard Castillo previously provided PPS prior express consent to make calls to that number). PPS removed the number ending in 0119 from Richard Castillo's account and made no further calls to that number.

52. In response to Paragraph 58 of Plaintiffs' Complaint, PPS denies.

53. In response to Paragraph 59 of Plaintiffs' Complaint, PPS denies. PPS further states that it did not use an ATDS to call Plaintiffs. PPS further states that on or about June 6, 2017, Genevieve Castillo and Richard Castillo together called PPS. During that call, Richard Castillo gave PPS permission to speak with Genevieve Castillo; Genevieve Castillo provided PPS with her cellular phone number as the best number at which she or Richard Castillo could be reached. Accordingly, any calls PPS made to Genevieve Castillo were with her express consent, as well as Richard Castillo's express consent and/or permission. On or about December 14, 2017, someone—presumably Genevieve Castillo—made an inbound call to PPS from the telephone number ending in 0119; the individual informed PPS that her number did not belong to Richard Castillo (notwithstanding the fact that Genevieve Castillo and Richard Castillo previously provided PPS prior express consent to make calls to that number). PPS removed the number ending in 0119 from Richard Castillo's account and made no further calls to that number.

54. In response to Plaintiffs' "WHEREFORE" clause regarding Count III, PPS denies Plaintiffs are entitled to any of the relief sought therein, including each of its subparts.

55. In response to Plaintiffs' request for trial by jury, PPS denies Plaintiffs are entitled to such trial because Plaintiffs have no viable claims under the FDCPA, TCPA, WCA, or any other law in this matter that would give rise to liability on PPS's part to Plaintiffs.

56. PPS states that Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

57. PPS states that Plaintiffs have not suffered any alleged actual damages.

58. PPS states that Plaintiffs lack Article III standing to prosecute this action for lack of a concrete injury-in-fact.

59. PPS states that Plaintiffs' alleged claims may be barred by the applicable statute of limitations.

60. PPS states that all calls alleged were made with Plaintiffs' express permission and/or consent.

61. PPS states that the TCPA is inapplicable to the calls alleged because the calls were not made using an ATDS.

62. PPS alleges that, prior to interposing this Answer, on or about March 8, 2018, it informed Plaintiffs' counsel of the fact that Plaintiffs provided their express permission and/or consent regarding the calls alleged in the complaint. PPS provided Plaintiffs' counsel with the call recordings for the conversations in question, as well as the call log concerning the calls in question. PPS further informed Plaintiffs' counsel that it did not use an ATDS to call Plaintiffs. Notwithstanding, Plaintiffs have not voluntarily dismissed this lawsuit, making it necessary for PPS to interpose this Answer and incur fees and costs doing so. PPS alleges that Plaintiffs are obligated under Rule 11 of the Federal Rules of Civil Procedure to withdraw their Complaint. PPS further alleges that Plaintiffs' counsel's continued litigation of this matter is objectively unreasonable and vexatious in contravention of 28 U.S.C. § 1927.

63. PPS reserves its right to allege other defenses as discovery and investigation proceed.

64. **WHEREFORE**, Defendant Professional Placement Services, LLC prays that Plaintiffs take nothing by their asserted claims, that the lawsuit be dismissed with prejudice and on the merits, and that Defendant Professional Placement Services, LLC be awarded its attorneys' fees, costs, disbursements, and any other relief the Court deems just and proper.

**BASSFORD REMELE**
*A Professional Association*

Dated: March 30, 2018

By s/Patrick D. Newman
Patrick D. Newman (WI #1093942)
100 South Fifth Street, Suite 1500
Minneapolis, Minnesota 55402-3707
Phone: (612) 333-3000
Fax: (612) 333-8829
Email: pnewman@bassford.com

*Attorneys for Professional Placement Services, LLC*